NATIONAL BANK OF NEW JERSEY, a corporation,

*v.*

ANDREW WHITE et al.

[Decided November 7th, 1921.]

1. In interpleader suits, the usual so-called interlocutory decree is interlocutory only as between the defendants; as between complainant and defendants it is a final decree adjudicating complainant's right to relief, compelling defendants to litigate between themselves only, and discharging complainant not only from further participation in such litigation but also from all liability to defendants.

2. Such decree is a decree *in personam* and cannot be entered in default of answer where it appears on the face of the record that process has been served upon one only of the two defendants, and that the other is a non-resident as to whom proceedings by publication have been had, but who has not submitted himself to the jurisdiction of the court.

On order to show cause why decree should not be vacated.

*Messrs. McCarter & English,* for the complainant.

*Mr. Charles T. Cowenhoven,* for the defendant Andrew White.

BUCHANAN, V. C.

The bill of the complainant bank sets up that in 1914 the two defendants opened a deposit account with it in the names of both; that the amount to their credit is now $402.61; that the two defendants are separated and each has demanded of the bank the payment of the entire bank credit; that complainant is willing and anxious to pay the amount to whomsoever is entitled, but cannot determine to whom the same should rightfully be paid; offers to pay the sum into court, and prays a decree of interpleader and discharge of complainant from further liability.

The defendant husband was personally served with process. The defendant wife could not be served, she having gone to Italy, and an order of publication was made against her and due proof made of publication and mailing under its terms.

On June 5th, 1920, after the expiration of the time for answering limited in the order of publication, an order or decree entitled an "interlocutory decree" was entered on complainant's motion, on default of answer by either defendant. Subsequently, the defendant husband filed a statement of his claim to the sum in question, pursuant to chancery rule 69, and the cause was thereafter referred for hearing.

It must be clear, upon consideration, that the decree of June 5th, 1920, was improvidently entered. The suit is *in personam*, not *in rem*. The subject-matter is not a trust fund, but a debt due on contract from the bank to one or other, or both defendants. Complainant is not concerned with the definite ultimate

disposition of the sum in question and seeks no adjudication in regard thereto. It asks that defendants may be decreed to inter- plead and litigate their conflicting claims without troubling com- plainant, that it be permitted to pay the sum in question into court and be discharged of all further liability to either defend- ant, or both. The sole issue as between complainant and the defendants is as to complainant's right to this relief, to such a decree.

The so-called "interlocutory decree" of June 5th, 1920, is in- terlocutory in its nature only as between defendants. As between complainant and defendants it is a final decree, for it adjudi- cates complainant's right to bring the suit and to have the relief sought; it discharges complainant of all liability to defendants, or either of them (and incidentally awards costs and a counsel fee to complainant out of the sum, which had been paid in to the clerk in chancery), and decrees the defendants to interplead and determine in this suit, in the further progress thereof, their con- flicting claims to the sum in question.

Such a final decree *in personam,* however, cannot validly be made by this court, when jurisdiction has not been acquired over the person of one of the defendant claimants, and such jurisdiction is not acquired as to an absent defendant, who does not appear, by publication proceedings. *Lynde* v. *Lynde, 54 N. J. Eq. 473; Hervey* v. *Hervey, 56 N. J. Eq. 424; McGuinness* v. *McGuinness, 72 N. J. Eq. 381.* The decree is therefore void.

This is not a case where the record shows that jurisdiction has been acquired over the defendant, when, in fact, it has not been so acquired. Here it is clearly apparent on the face of the record that there was no service of the usual process and no voluntary appearance. either prior or subsequent to the publication pro- ceedings; which publication proceedings might conceivably have resulted in defendant's submission to the jurisdiction of the court (though they could not compel such result), and, hence, were proper to be taken. It being evident that the decree could not be valid. it should not have been entered; and, it now coming to the attention of the court, counsel for complainant and the defendant actually served were directed to show cause why the decree should not be set aside. No such cause was of

course shown, and the decree will be vacated. It is obvious that the decree is inefficacious as well against the defendant over whom jurisdiction was acquired, since he can scarcely be required to interplead with a defendant who cannot be compelled to interplead with him.