The complainant filed its bill of interpleader against the defendants, husband and wife, under the following circumstances: *Page 126 
On April 18th, 1916, the husband, William, deposited with the Union Trust Company, for storage, a handbag, said to contain silverware valued at $500. The contents were not exhibited to the company. The deposit was accepted at the rate of twenty-five cents per month, and a receipt was given, a copy of which is annexed to the bill. The bill alleges that, subsequently (without stating the date), Elizabeth, the wife of William, and known by the trust company to be such, called on the safe deposit department of the company and claimed the handbag and contents so deposited, and represented that it contained silverware which belonged to her, and complainant made delivery to her without her surrendering the receipt.
The bill also alleges that William commenced a suit on June 12th, 1922, against the trust company in an action on contract for $500, because of the deposit and the refusal to deliver the said bag and contents on demand, and tender of receipt. The bill also states that Elizabeth has returned the handbag and contents to the complainant (without stating when) with a claim of property.
After setting forth that it is unable to determine to wnom the property belongs, it says that the said Elizabeth claims said bag contains certain pieces of silver which are her property, admitting, however, that six teaspoons and six tablespoons are the property of William.
The bill was filed April 12th, 1923.
On filing the bill, an order to show cause, with restraint, was issued.
On the argument, the first point made by the complainant is that it is protected by sections 17 and 18 of the Warehousemen's act, and has properly filed its bill. I think, however, the right is controlled by sections 8, 9 and 10 of the Warehousemen's act.Comp. Stat. p. 5778.
In this case a receipt was given to William, and, upon his tendering the receipt and payment of the necessary charges, the warehouseman (complainant) was unable to deliver or refused to deliver the satchel. It does not appear from the bill that at that time there was any claim asserted *Page 127 
against the property other than that of William. It appears that after the deposit the wife of William called on the complainant and claimed the handbag and contents. representing that the same contained articles of silverware which belonged to her; and complainant thereupon delivered the same to her, knowing her to be the wife of the said William. The bill conceals the date when the delivery was made. It says that suit was begun on June 12th, 1922, by William against the complainant, and, later, says that Elizabeth has returned said handbag and contents, and has filed with the complainant a claim of ownership of said handbag and contents. The bill also conceals the date when the said Elizabeth returned the said handbag and contents; and sets forth that Elizabeth claims all of the contents of said handbag, excepting six teaspoons and six tablespoons, which she admits are the property of William, and expresses a willingness to deliver the same to William.
The whole bill is drafted in a manner which does not place before the court the pertinent facts and circumstances which were within the knowledge of the complainant.
The defendant William, in his affidavit, says that shortly prior to June 12th, 1922, he presented the receipt to the complainant for the purpose of obtaining the satchel and contents, and was informed by an employe of the Union Trust Company that the satchel and its contents were no longer in its possession, the same having been delivered by it to Elizabeth Gibson Kyle. Just when this delivery was made it did not inform him, although it must have been made prior to October, 1919, because since that time Elizabeth has been away from Jersey City.
In the face of this affidavit there is no denial of its contents, nor is there any additional affidavit explaining when the satchel was delivered to Elizabeth, when she returned it, and when she made her claim of property. It is therefore plain that when the demand for possession was made by William upon the complainant it did not have in its possession the satchel and contents, nor did it deliver the same upon the surrender of the receipt; nor does it appear that, *Page 128 
at that time, any claim of property was asserted by anyone else; and the first time when this claim was asserted was when Elizabeth returned the satchel, which date is not mentioned in the bill.
I take it, therefore, that if the complainant had in its possession the satchel and its contents at the time that William demanded its possession and tendered the receipt, the complainant would have made the delivery, or, at least, would have had absolutely no justification for refusing. It was, therefore, its own wrongful act in making the delivery to the wife that necessitated the filing of this bill almost a year after suit was brought.
I think that sections 8, 9 and 10 aforesaid, control and justify the court in refusing to permit the bill to be filed under sections 17 and 18. Here, not only was the delivery unlawfully made, but the person to whom the goods were delivered does not claim a part of the contents of said bag, and, as to that, clearly the complainant is a wrong-doer and cannot maintain its bill. But, on the whole case, by making delivery without the receipt, in accordance with the act, in my judgment the complainant was a wrong-doer. Mt. Holly, c., Turnpike Co. v.Ferree, 17 N.J. Eq. 117, 122, and cases cited. See, also,Rauch v. Ft. Dearborn National Bank of Chicago,79 N.E. Rep. 273.
Counsel for the defendant William refers to National Bank ofNew Jersey v. White, 93 N.J. Eq. 109, to support the doctrine that this court has no jurisdiction on the ground that it can make no decree which will bind Elizabeth, because she is a non-resident. I think in this he is in error, because this is a proceeding in rem and not in personam.
I will advise an order that the order to show cause be discharged. *Page 129