CATHERINE E. BUCKLEY, ADMINISTRATRIX OF THE ESTATE OF MICHAEL F. BUCKLEY, DECEASED, PLAINTIFF, v. HOWARD SAVINGS INSTITUTION, A CORPORATION OF NEW JERSEY, DEFENDANT.

Decided October 26, 1935.

For the plaintiff, *Lewis G. Hansen.*

For the defendant, *Pitney, Hardin & Skinner.*

ACKERSON, C. C. J. This matter is submitted to the court for decision without a jury upon an agreed state of facts. The action is brought by Catherine E. Buckley, administratrix of the estate of Michael F. Buckley, deceased, to recover from the defendant, Howard Savings Institution, a balance of $3,023.59 alleged to be due upon the deposit account of the said Michael F. Buckley at the time of his decease on July 14th, 1928.

The stipulated facts disclose that Michael F. Buckley opened an account with the Securities Savings Bank of Newark on June 1st, 1925, with a deposit of $1,000. Thereafter there were summary transactions involving deposits and withdrawals, the last of which was a withdrawal on July 7th, 1928. The decedent died on July 14th, 1928, and the account remained inactive and the deposit book remained in the custody of the said bank and of its successor, the present defendant, for safe keeping until the account was closed out as hereinafter set forth.

On January 1st, 1930, the said Securities Savings Bank of Newark was merged into and with the defendant and on May 19th, 1932, an instrument purporting to be the last

will and testament of said Michael F. Buckley, dated June 25th, 1928, and naming one G. Charles Moore as executor was admitted to probate by the surrogate of Essex county, New Jersey, and letters testamentary thereon were issued to a person purporting to be and known as G. Charles Moore. On June 3d, 1932, this person appeared at the defendant bank and requested, as executor of the last will and testament of Michael F. Buckley, the withdrawal of the balance of the aforesaid account amounting to $3,023.59. He presented a certificate of the surrogate of Essex county setting forth the authority of said G. Charles Moore as executor aforesaid to administer the said estate and also presented a waiver of the transfer inheritance tax bureau of the New Jersey state tax department on the aforesaid account, which aforesaid certificate and waiver were in proper form and issued by the proper authorities. It is also stipulated that "said person also presented satisfactory evidence of his identity" and the defendant had no reason to believe that there was any irregularity in his appointment as executor of the aforesaid will. The defendant accordingly paid over the aforesaid balance and delivered the canceled deposit book to him in good faith and without knowledge of any reason why the same should not be done.

It is further stipulated that it now appears that the aforesaid will was a forgery; that G. Charles Moore was the assumed name of the person "who forged said will and fraudulently induced the surrogate of Essex county to admit said will to probate and issue letter testamentary thereon to him."

On June 22d, 1933, plaintiff was appointed administratrix of the estate of said Michael F. Buckley by the surrogate of Union county, New Jersey, and on October 25th, 1933, demanded payment of the aforesaid account which was refused by the defendant on the ground that payment thereon had already been duly made.

It appears from an excerpt from the by-laws of the defendant that "on the death of any depositor, the amount standing to his credit shall be payable to his legal representatives,"

&c. It is also to be noted from the stipulated facts that the aforesaid probate of the alleged will of Michael F. Buckley, deceased, and the letters testamentary granted thereon to G. Charles Moore, "still remain of record and undisturbed."

While the defendant's answer denies that the Michael F. Buckley, whose estate the present plaintiff represents, is the person who opened the savings account referred to in the complaint, nevertheless the stipulated facts admit it and that question is no longer an issue. The sole question for solution, as presented by the answer and stipulated facts, is whether the defendant, in paying the balance of the deposit in question to the person to whom letters testamentary upon the forged will of Michael F. Buckley, deceased, were actually granted by the surrogate of Essex county, which letters have not been revoked, is thereby discharged of its obligation, so as to bar a subsequent action therefor by an administratrix of the estate of said deceased, subsequently appointed by the surrogate of another county.

It is to be noted that the defendant paid the deposit to the person to whom letters testamentary were actually granted by the surrogate of Essex county, such person having produced "satisfactory evidence of his identity" as such. It is not claimed that payment was made to a person other than the one to whom such letters were granted.

The claim of the present plaintiff must, therefore, necessarily resolve itself into a collateral attack upon the decree of the surrogate of Essex county admitting the forged will to probate and issuing letters testamentary thereon. The courts of this state have given uniform recognition to the view that the proceedings of the surrogate, admitting a will to probate are those of a regularly established court in which the surrogate exercises judicial functions and that such proceedings can only be reviewed by appeal. *In re Whitehead's Estate,* 85 *N. J. Eq.* 114 (at *p.* 118). The granting of probate and administration is a proceeding *in rem,* in the strict sense of that term. It constitutes the person to whom granted, the administrator, whether rightfully or wrong-

fully granted and it cannot be inquired into collaterally. *Quidort's Administrator* v. *Pergeaux,* 18 *Id.* 472 (at *p.* 477).

So universal and well settled in its application is this principle, that it has been decided that payments of money to an executor upon the probate of a forged will is a discharge to the debtor of the decedent, notwithstanding the probate be afterwards declared void and administration be granted to the intestate's next of kin, for if the executor had brought an action against the debtor, the latter could not have controverted the title of the executor so long as the probate was unrepealed, and the debtor was not obliged to wait for a suit when no defense could be made against him. *Allen* v. *Dundas,* 3 *T. R.* 125; *Peeble's Case,* 15 *Serg. & R.* 42; *Ryno's Executor* v. *Ryno's Administrator* (*Court of Errors and Appeals*), 27 *N. J. Eq.* 522 (at *p.* 524); *Vincent* v. *Vincent,* 70 *N. J. Eq.* 272; 62 *Atl. Rep.* 700.

As was said in the case of *Plume* v. *Howard Savings Institution,* 46 *N. J. L.* 211 (at *p.* 230):

"That a conclusive efficacy should be given to letters of administration by whatever tribunal issued, so far as merely collateral impeachment is concerned, is a plain dictate of sound public policy, for few things can be more oppressive than to require the debtors of a person who chooses so to absent himself as to give rise to a judicial conclusion that he is dead, to bear the burden of paying the debts they owe to such absentee, to his representative duly appointed according to legal forms, and at the same time to assume the risk of such payment being afterwards declared to be invalid, on the ground that such absentee is still alive."

Inasmuch as the decree of the surrogate admitting the alleged will of Michael F. Buckley, deceased, to probate and the issuance of letters testamentary thereon still stand in full force and effect, it follows, upon the authority above stated, that the plaintiff is not entitled to recover in this action and I, therefore, find in favor of the defendant and against the plaintiff a verdict of no cause of action.