FIDELITY UNION TRUST COMPANY, as trustee, &c., et al., complainants,

*v.*

NORTH JERSEY POULTRY COMPANY (Co., INC.), a New Jersey corporation, et al., defendants.

[Submitted October term, 1937.   Decided January 26th, 1938.]

260

*Messrs. Hood, Lafferly & Campbell* and *Mr. Harry Schaffer,* for the appellant.

*Mr. Elmer Friedbauer,* for the defendants.

The opinion of the court was delivered by

BODINE, J.

The appeal brings up an order entered in the court of chancery July 20th, 1937, restraining the complainant from proceeding at law upon a bond for a deficiency after foreclosure and referring the matter to a special master to take testimony and to ascertain and report upon certain matters including the fair market value of the premises sold on the day of sale. By final decree bearing date July 21st, 1936, the mortgaged premises were directed to be sold to raise and satisfy the sum of $82,238.61, with lawful interest to be computed from July 11th, 1936, and a writ of *fieri facias* issued in due course to the sheriff of Passaic county. He reported to the court on September 18th, 1936, the sale of the premises to the complainant for $50,000, it being the highest bidder therefor. On November 10th, 1936, this sale was confirmed. On June

17th, 1937, a petition under which the order here reviewed was entered, was filed setting forth that Max Solomon and Nellie Solomon, his wife, had some years before purchased the premises described in the mortgage foreclosed and had thereafter given the collateral bond, the suit upon which was restrained. The Solomons before the foreclosure sold the premises to the North Jersey Poultry Company, Incorporated, and later the mortgagee entered into possession. The petition set forth that the sale of the premises for $50,000 was unconscionably and grossly below the fair value thereof. It was alleged that the fair market value of the premises at the time of the sale was $90,000, and that the petitioners were unable to refinance the mortgage or the property and were unable to bid at the sale.

The action of the court of chancery in granting the relief obtained was predicated upon the case of *Fidelity Union Trust Co.* v. *Petchensky, 119 N. J. Eq. 514.* The court there held that the order confirming the foreclosure sale was a final decree within the meaning of the statute relating to appeals, and that there were special equities justifying the opening up of the order of confirmation and referring the matter in order to determine fair value.

A final decree is "one that finally adjudicates upon the entire merits, leaving nothing further to be done except the execution of it." *Simmons Co.* v. *Grier Bros. Co., 258 U. S. 82, 88.*

Is the order of confirmation of a sale pursuant to a *fieri facias* in foreclosure such a decree?

"That depends upon this: whether the decree of foreclosure and sale is to be considered as the final decree in the sense of a court of equity, and the proceedings on that decree a mere mode of enforcing the rights of the creditor, and for the benefit of the debtor; or whether the decree is to be deemed final only after the return and confirmation of the sale by a decretal order of the court. We are of opinion that the former is the true view of the matter. The original decree of foreclosure and sale was final upon the merits of the controversy. The defendants had a right to appeal from

that decree, as final upon those merits, as soon as it was pronounced, in order to prevent an irreparable mischief to themselves. For, if the sale had been completed under the decree, the title of the purchaser under the decree would not have been overthrown, or invalidated even by a reversal of the decree; and consequently the title of the defendants to the lands would have been extinguished; and their redress upon the reversal would have been of a different sort from that of a restitution of the land sold. In *Ray* v. *Law, 3 Cranch R. 179,* it was held by this court that a decree of sale of mortgaged premises was a final decree in the sense of the act of Congress upon which an appeal would lie to the supreme court. This decision must have been made upon the general ground that a decree, final upon the merits of the controversy between the parties, is a decree upon which a bill of review would lie, without and independent of any ulterior proceedings. Indeed, the ulterior proceedings are but a mode of executing the original decree, like the award of an execution at law." *Whiting* v. *Bank of United States, 13 Peters 6.*

"It is quite generally held by the American courts that no application to open a judicial sale will be entertained after the sale shall have been confirmed, but that the rule does not prevail in this state under the act of 1880. *P. L. 1880 p. 255.* Confirmation under that act merely covers the point that the property brought the highest and best price that could be obtained for it in cash. *Bethlehem Iron Works* v. *P. and S. Railway Co., 49 N. J. Eq. 356; Fleming* v. *Fleming Hotel Co., 70 N. J. Eq. 509; Oakley* v. *Shaw, 69 Atl. Rep. 462; Cropper* v. *Brown, 76 N. J. Eq. 406." Koegel* v. *Koegel, 83 N. J. Eq. 179, 180.*

We cannot agree with the action taken in the court of chancery more than forty days after the sale was confirmed and after the trust company was placed in possession of the property. Certainly, the appellant herein was aggrieved by such order. "The statute provides that an appeal may be taken from any order or decree of the court of chancery by a person aggrieved thereby. Chancery act, *P. L. 1902 p. 525,* as amended, *P. L. 1907 p. 452; 1 Comp. Stat. p. 450 § 111;*

P. L. 1914 ch. 86 p. 133." *Fidelity Union Trust Co.* v. *Drey-fuss, 121 N. J. Eq. 281, 283.*

It seems clear to us that the order confirming sale was interlocutory and not final, and that "the time within which an appeal may be taken from such an order is, by *P. L. 1914 ch. 86 p. 133,* limited to forty days. The petition upon which the present application is based was not presented until June 17th, 1937, or long after the expiration of the statutory period limited for the filing of an appeal, and consequently the court of chancery was without power to entertain it. "This is in accord with the well settled rule that a petition to open or vacate an order or decree of the court of chancery cannot be entertained after the expiration of the statutory period allowed for an appeal from such order or decree. *Watkinson* v. *Watkinson, 68 N. J. Eq. 632; Sparks* v. *Fortescue, 75 N. J. Eq. 586; Boyer* v. *Boyer, 77 N. J. Eq. 144; Mitchell* v. *Mitchell, 97 N. J. Eq. 298." McKenzie* v. *Standard Bleachery Co., 109 N. J. Eq. 429, 432.* See, also, *Grunstra* v. *New-Ark Petroleum Corp., 111 N. J. Eq. 451.*

Even though a decree, in some sense, settles a controversy it may still be interlocutory. Obviously, in foreclosure the final decree is like a judgment at law. All that remains to be done is for the execution to issue and the sale to be made. The court upon confirmation of the sale merely determines that the property brought the highest and best price that could then be obtained for it in cash. This determination is merely interlocutory, and if a party aggrieved by such order was allowed to appeal therefrom within a year from the date of confirmation the purchaser at the foreclosure sale would be subjected to harassment for an unconscionable length of time never contemplated by the legislature.

Vice-Chancellor Emery in *Cumberland Lumber Co.* v. *Clinton Hill, &c., Co., 84 N. J. Eq. 557* (at *p.* 566), stated the applicable rule as follows: "The order for assessment in insolvent proceedings, like the order appointing a receiver, is an order made in the course of administration of the assets of the insolvent corporation, and both orders have been held by the court of errors and appeals to be interlocutory rather

than final decrees. * * * Such order, like the order appointing a receiver, is only one step in the administrative part of the proceedings, and as an interlocutory order may in a proper case be opened by petition rather than by bill of review. *Franklin Electric Light Co.* v. *Fort Wayne, &c., Co. (Court of Errors and Appeals, 1899), 58 N. J. Eq. 543.* But, following the rule applied to final decrees, it would seem that the petition must be filed within forty days. The lapse of over three years, the time limited for a bill of review on final decree, would certainly seem to be fatal."

It is well settled that the present proceeding is like a bill for review. *Lurie* v. *J. J. Hockenjos Co., 115 N. J. Eq. 304; Meranus* v. *Lawyers', &c., Association, 116 N. J. Eq. 402.* And such proceeding may not be presented after the time limited for taking an appeal, except for fraud or newly discovered evidence, which is not suggested in any way upon the record before us. *Watkinson* v. *Watkinson, 68 N. J. Eq. 632; Grunstra* v. *New-Ark Petroleum Corp., supra.*

There is nothing in the record to indicate that every fact and circumstance presented in the petition, by the exercise of reasonable diligence, could not have been discovered long before the sale was confirmed. To disturb the purchaser of the premises seven months after confirmation and long after the time for an appeal from such an order had expired, was an improper and inequitable use of the processes of the court of chancery.

The order appealed from will be reversed.

*For affirmance*—HEHER, WELLS, WALKER, JJ. 3.

*For reversal*—PARKER, LLOYD, CASE, BODINE, DONGES, PERSKIE, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, JJ. 10.