PEQUANNOCK AND WAYNE BUILDING AND LOAN ASSOCIATION, a corporation of the State of New Jersey, complainant,

*v.*

ELIZABETH PRITCHARD and SAMUEL S. BLACK, defendants.

[Decided April 17th, 1940.]

*Messrs. Beggs & Grimshaw,* for the complainant.

*Mr. Samuel S. Black, pro se.*

LEWIS, V. C.

This is a suit on a bill of interpleader. Ross W. Pritchard held five shares of stock of complainant Building and Loan Association some time prior to August, 1936, according to the testimony of defendant Elizabeth Pritchard. Ross W. Pritchard, who was her husband, agreed to turn over to her a one-half interest in these shares, and together they went to the office of the Building and Loan Association. At the husband's request, she was placed upon the books as owner with him of the shares. She further testified that from time to time she made payments on the shares. At the hearing, the husband denied both of these statements made by his wife, but he was discredited by his admission that some of the slips for payments were in his own handwriting and contained his wife's name, as well as his own, as having made

deposits. In August, 1936, the husband assigned the certificate to defendant Black and presented it to complainant for redemption. Complainant paid him one-half of the value of the certificate, notifying him that Mrs. Pritchard claimed the other half. Both the claimants having threatened suit for the balance, complainant filed his bill that the two defendants be directed to litigate the question as to who was entitled thereto.

Defendant Black claims that the bill should not be sustained on the grounds that the complainant was not the common source of the claims, and that in any event, Mrs. Pritchard's claim is invalid because of failure to meet requirements as to transfer of interest in building and loan shares.

Neither of these contentions is sound. Complainant has met all the requirements for a stakeholder entitled to interplead. The same debt or duty, namely, one-half the surrender value of the certificate, is claimed by each of the defendants. The adverse title or claims must be derived from a common source. Although defendant Black asserts the contrary, it seems clear that the common source was Ross W. Pritchard's interest in the shares. There is no necessity for the common source of the obligation to be derived from the stakeholder of the fund, but may be derived from one in privity with him. *Republic Casualty Co.* v. *Fischmann, 99 N. J. Eq. 758.* The other two necessary requirements are clearly met, namely, that the stakeholder must not have any interest in the subject-matter, nor have incurred independent liability to either of the claimants. *Lozier's Ex'rs* v. *Van Saun's Adm'rs, 3 N. J. Eq. 325; Leber* v. *Ross, 92 N. J. Eq. 535.* It is asserted, with no denial, that complainant is indifferent as between the defendant.

It is entirely beside the point that Mrs. Pritchard, because of asserted irregularities, in the way the alleged transfer to her was made upon the books, may not succeed in establishing her right to the fund. If the two defendants are left free by this court to bring separate suits against complainant, it might occur that both defendants might obtain judgments against it. The very purpose of a bill of interpleader is to

prevent the possibility of such an injustice to an innocent stakeholder. A decree will be advised directing defendants to settle their controversy between themselves.