The meritorious question is, who inherits certain lands of which Katie Shiel died seized? She left two cousins, Catherine Reilly and Mary A.K. Smith, who are of equal degree of consanguinity nearest to decedent and who inherit the estate as tenants in common "unless such inheritance came to the decedent by descent, devise or gift from an ancestor of the decedent, in which case all those not of the blood of such ancestor shall be excluded from such inheritance." R.S. 3:3-8. The decedent acquired her title by devise from her cousin Daniel F. Breslin. Mary A.K. Smith is of the blood of Daniel F. Breslin while Catherine Reilly is not. Hence, Mary inherits the estate to the exclusion of Catherine if the case is within the clause of the statute which I have quoted.
The case is not governed by that clause of the statute, unless Daniel F. Breslin was "an ancestor of the decedent." It is clear that the word ancestor is not used in its popular sense, one from whom a person is lineally descended. Wills v. LeMunyon,90 N.J. Eq. 353. The rival contentions of the parties are these: First, that an ancestor is a person whose heir, or one of whose heirs, is the decedent. Had Daniel died intestate, his land would have descended to nephews and nieces and not to Katie Shiel, and so Daniel was not her ancestor under this definition. Second, that ancestor means one from whom the estate would be inheritable by the decedent in the absence of nearer relatives. If the nephews and nieces had died in Daniel's lifetime, then Katie and other cousins would have inherited and hence Daniel was her ancestor under the second definition. *Page 601 
In Ohio, a very similar statute is construed in accordance with the second definition. Hostetler v. Peters (Ohio),113 N.E. Rep. 656. The court said that the statute was framed in deference to the desire, which was supposed to exist in one who gave an estate to a kinsman, that on the donee's death the estate should be inherited by those of the donor's own blood. To the same effect is Greenlee v. Davis, 19 Ind. 60. But the opposite conclusion has been reached in North Carolina. Burgwyn
v. Devereux, 23 N.C. 583; Osborne v. Widenhause, 56 N.C. 238.
Generally the term "ancestor," when used in the law of descents, is the correlative of "heir," so that the ancestor of a person is the one from whom that person inherited an estate. Denex dem. Pierson v. DeHart, 3 N.J. Law 73; Wills v. LeMunyon,supra; McCarthy v. Marsh, 5 N.Y. 263, 276. The policy of the statute of which the Ohio court spoke, is satisfied by giving to the term "ancestor" its usual technical meaning. When a person gives property to his heir, he may well be supposed to be motivated primarily by blood relationship; but when he passes over his heir and gives to one more distantly related, it is reasonable to believe that he is influenced more by his personal liking for the object of his bounty than by the blood tie, and that he is indifferent who shall take the property after the death of the donee.
I conclude that "ancestor" in the statute under consideration, means a person whose heir or one of whose heirs is the decedent. Catherine Reilly and Mary A.K. Smith inherit equally.
There is a subsidiary question for decision. The cause before me is a partition suit in which Mrs. Reilly is complainant. There was a reference to a master who reported that she had no interest in the property — on the theory that it was an ancestral estate under the statute. On October 22d 1940, a decree was made which confirmed the report, adjudged that complainant had no interest in the land, and that the several defendants owned the whole, and ordered a sale of the property. To this decree complainant consented. A week later, the selling master reported that, subject to the approval of the court, he had made a private sale for $4,000 to one *Page 602 
Nicholas Santinelli. No order approving the sale has been entered. Complainant now moves to open the decree of October 22d 1940, on the ground that it erroneously adjudged that complainant had no interest in the land.
Mrs. Smith, defendant, objects to the motion on the ground that the decree of October 22d 1940, was an interlocutory decree which passed beyond control of the court one month after its date. Fidelity Union Trust Co. v. North Jersey Poultry Co.,123 N.J. Eq. 259. I think the decree of October 22d 1940, was a final decree, subject to reconsideration by the court for three months or until January 22d 1941. R.S. 2:29-119. Before that day, namely, on January 9th, complainant served notice of motion to vacate, to be made January 14th. The motion was then regularly continued until February 4th, when it was argued. The court had jurisdiction on the return day of the notice and did not lose jurisdiction by the continuances. 31 Am. Jur. 276.
At the foot of the decree which is the subject of the motion, appears the endorsement by complainant's solicitor, "I hereby consent to the same." It has been said that a consent judgment or decree is not strictly a judicial determination, but is a contract of the parties which, like other contracts, cannot be abrogated or changed except by consent. 5 Enc. of Pl. Pr. 961;In re Meredith (Mich.), 266 N.W. Rep. 351; 101 A.L.R. 348;Bergman v. Rhodes (Ill.), 165 N.E. Rep. 598;65 A.L.R. 344. Therefore such a decree cannot be vacated unless it was the result of fraud or mistake. Most of the cases in which this rule has been mentioned, were such that the motion to open would have been denied, even had there been no consent. In those cases which really turned on the rule, the judgment was the result of a compromise, an agreement in settlement of the litigation, which would have been enforced even if not embodied in a judgment.Hyde v. Superior Court (R.I.), 66 Atl. Rep. 292; French
v. Shotwell (N.Y.), 5 Johns. Ch. 555. In the case before me, there was no compromise, no consideration for complainant's consent. Again, one of the parties to the suit is a minor. As to her at least, the decree does not stand as a contract, but as a judicial determination, so far as was necessary to protect the *Page 603 
infant. Thompson v. Maxwell, c., Co., 168 U.S. 451;18 S.Ct. 121. In my opinion, the consent to the decree is not a bar to a reconsideration.
The decree will be opened.