The bill of complaint filed herein is in the nature of a bill of interpleader. It seeks a determination as to who is entitled to certain moneys and assets in its possession belonging to the estate of Magdalena Wulff, deceased. The decedent, who formerly resided in the City of Hoboken, New Jersey, during the month of October, 1927, departed from this country and went to Kiel, Germany, where she lived continuously until her death on October 12th, 1930. On November 18th, 1930, what purported to be her last will and testament dated September 20th, 1927, was offered, and received for probate, by the surrogate of Hudson County, and letters testamentary were issued to Henry Wulff, the executor named therein.
On February 17th, 1938, the executor, Henry Wulff, petitioned the surrogate of Hudson County to set aside the probate of the will and the issuance of the letters testamentary to him alleging that he had erroneously stated in his petition for probate that the decedent had died a resident of Hoboken; whereas, in fact, she died a resident of Germany. The petition alleged that the decedent owned personal but no real *Page 48 
property in New Jersey; and that a will she had executed in Germany on September 5th, 1930, was admitted to probate on July 28th, 1934, in the Probate Court at Kiel, Germany, the decedent's place of residence; and that Rudolph Meimersdorf of Kiel was appointed executor (Exhibit C-1, surrogate's file No. 76,756).
Upon the filing of the petition, the surrogate issued an order to show cause why the probate and letters testamentary should not be set aside and revoked. The order was made returnable February 28th, 1938; it provided for seven days service upon the parties named in the petition as follows: German Evangelical Church, 602 Garden Street, Hoboken, New Jersey; Rev. Adalbert Q. Wettstein, 606 Garden Street, Hoboken, New Jersey; New Jersey Ministers' Fund of the Reformed Church in America, Inc., 25 East Twenty-second Street, New York City; Henry Wulff, petitioner; Heinrich Westphal, Richard Westphal, Fritz Westphal, Anna Westphal, Frieda Westphal, Magda Westphal, Kiel, Germany.
The legatees named in the will admitted to probate by the surrogate are: The German Evangelical Church, Rev. Adalbert Q. Wettstein, and the Ministers' Fund of the Reformed Church in America, Inc. They were duly served with the order.
Carlos A. Hepp, who held a power of attorney from the residuary legatees in Germany, which was filed with the surrogate of Hudson County (Exhibit C-1, surrogate's file No. 76,756), accepted service of the order for his principals (Exhibit C-1).
On March 29th, 1938, the surrogate, after a hearing on the order to show cause, adjudged that the decree admitting the will to probate, and the letters issued thereon to Henry Wulff, "be revoked, set aside, made null and void, and for nothing holden."
On May 8th, 1939, the German consul general in New York City, New York, Dr. Hans Borchers, filed a renunciation and request (Exhibit C-14) to grant letters of administration upon the estate of the said Magdalena Wulff, deceased, to William J. Topken. On the same day the surrogate issued the letters of administration to him. *Page 49 
Topken, as administrator, filed an affidavit and schedules with the New Jersey Inheritance Tax Department setting forth the assets of the estate. Those assets are held by the complainant herein. The Inheritance Tax Department in due course issued its waiver directed to the Seaboard Trust Company which provided that the "State Tax Commissioner hereby waives the requirements of Revised Statutes 54:35-19-21 and Section 12, Chapter 228, Laws of 1909, and the Amendments thereof and Supplements thereto with respect to the property described herein, consents to the transfer of said property and further releases the said property from the lien of the State of New Jersey as provided by law."
Topken, the administrator, presented the waiver to the complainant on or about February 21st, 1940, and demanded from it the cash and other property belonging to the estate. The complainant refused to comply with his demand.
The defendant contends that the complainant's bill should be dismissed for the following reasons:
"1. The surrogate's decree, dated March 29th, 1938, vacating and revoking probate of the will of Magdalena Wulff, was proper and cannot be collaterally attacked.
"2. The letters of administration of the goods and chattels of Magdalena Wulff issued by the surrogate to the defendant, William J. Topken, on May 8th, 1939, is valid and in full force and virtue and cannot be collaterally attacked.
"3-A. There are no adverse claims made to the moneys and other personal property of the estate of Magdalena Wulff, deceased, held by complainant bank.
"3-B. Since this bill of interpleader is an action inpersonam, and since the defendants, the residuary legatees residing in Germany have not been personally served withsubpoenas ad respondendum and have not entered their appearances in the cause, this court lacks jurisdiction to make a valid decree compelling them to interplead."
The reasons urged by the defendant in paragraph 3-B, as above expressed, are without force. The bill of complaint does not call upon the parties named therein to interplead.
I believe that the surrogate's act in setting aside and revoking the probate of decedent's will, and the letters testamentary *Page 50 
issued thereon, was proper under the provisions of RevisedStatutes 2:31-48 and rule No. 39 (now No. 49) of the Orphans Court. R.S. 2:31-48 provides:
"The Orphans Court may, in any proceeding, after grant of letters, against executors, administrators — proceed by rule to show cause, a copy of which shall be served as the Court may direct upon the persons therein named. Upon such service, duly verified by affidavit, the Court may proceed as if the persons had been summoned by citation."
Orphans Court rule No. 39 (now 49) provides:
"There shall be at least five days' service of all notices and rules (orders) to show cause and process, except where otherwise provided where the Court otherwise directs."
The resident interested parties were served within the time mentioned in the surrogate's order aforesaid, while the interested parties living in Germany were served within the prescribed time through Carlos A. Hepp, their attorney in fact. The power of attorney held by Hepp was on file in the surrogate's office before his acceptance or acknowledgment of the service of the order (Exhibit C-1).
The surrogate's act in the premises was in the nature of a judicial function. His decree therein is not now subject to collateral attack by the complainant. Crawford v. Lees,84 N.J. Eq. 324; 93 Atl. Rep. 201; Christian Orphan Home v.Guaranty Trust Co., 121 N.J. Eq. 257; 190 Atl. Rep. 102.
The complainant argues that the surrogate's order of revocation was entered over seven years after the original decree for probate, and consequently is void.
Revised Statutes 2:31-4 says:
"The surrogates of the several counties shall have power and authority to open, vacate, modify or set aside or to enter as of a former time a decree or order made in their court, or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error or other sufficient cause, but only in like case and in the same manner as a court of record and general jurisdiction exercises the same powers."
The statute does not limit the time within which the surrogate may vacate its decree for the causes mentioned. *Page 51 Fidelity Union Trust Co. v. North Jersey Poultry Co., 123 N.J. Eq. 259; 197 Atl. Rep. 65. The last cited case states: "It is well settled that the present proceeding is like a bill for review. * * * And such proceeding may not be presented after the time for taking an appeal, except for fraud or newly discovered evidence." See Miller v. McCutcheon, 117 N.J. Eq. 123;175 Atl. Rep. 155.
The surrogate refused to grant letters on the will of the decedent which had been probated in Germany, since it was not executed in accordance with the requirements of our statute of wills, R.S. 3:2-38. Then the application for the issuance of letters of administration was made by Topken and the letters of administration were granted to him.
In the absence of any qualified kin of decedent, the "surrogate may grant letters of administration to any fit person applying therefor." R.S. 3:7-6.
Under articles 21, 24 and 25 of a treaty entered into between the United States and Germany, proclaimed as law on October 14th, 1925 (Treaty Series, No. 725, Treaty between the United States and Germany, 44 Stat. (pt. 3) 2132), the German consular officer was given the right to be appointed as administrator of any estate of a deceased having property in this country when the next of kin are German nationals living in Germany.
Article VI of the United States Constitution makes such treaties the supreme law of the land. Our courts take judicial notice of them. In re Swistak, 129 N.J. Eq. 138; 18 Atl. Rep.
2d 561.
I am not in accord with the contention of the complainant that the executor of the foreign will, Rudolph Meimersdorf, was entitled to notice of the application made by Topken. He was not an heir-at-law of the decedent, consequently he was not entitled to notice, and the will of which Meimersdorf was executor was worthless as a will under the provisions of our statute, R.S.3:2-38.
The surrogate's act in granting the letters of administration was an adjudication that the decedent died intestate possessed of personal assets within the confines of Hudson County, New Jersey. The granting of the letters of administration *Page 52 
constitutes the person to whom granted, the administrator of the estate and such appointment cannot be collaterally attacked.Buckley v. Howard Savings Institution, 14 N.J. Mis. R. 620;186 Atl. Rep. 52; Plume v. Howard Savings Institution,46 N.J. Law 211; Crawford v. Lees, supra; Christian Orphan Home v.Guaranty Trust Co., supra.
There are no adverse claims made to the moneys, assets or personal property of the decedent's estate which are held by the complainant. Pequannock and Wayne Building and Loan Association
v. Pritchard, 127 N.J. Eq. 200; 12 Atl. Rep. 2d 359;National Bank of New Jersey v. White, 93 N.J. Eq. 109;115 Atl. Rep. 533.
Considering all the circumstances I shall advise an order directing the complainant to turn over the assets of the decedent to the defendant administrator, William J. Topken. *Page 53