### GEORGIA SAVINGS BANK AND TRUST COMPANY

v.

**J. Frank SIMS, Guardian of the person and property of Alvina D. Sims, and Mrs. Josephine Lloyd.**

Civ. A. No. 13926.

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 14, 1971.

Alston, Miller & Gaines, Atlanta, Ga., for plaintiff.

Ware, Sterne & Griffin, Edgar C. Gentry, Atlanta, Ga., for Mrs. Josephine Lloyd.

### ORDER

O'KELLEY, District Judge.

Plaintiff, Georgia Savings Bank and Trust Company, has brought an interpleader action against Defendant J. Frank Sims, guardian of the person and property of Alvina D. Sims, and Defendant Josephine Lloyd, both residents of Sarasota, Florida. The Complaint asks that the defendants be required to interplead and that a determination be made as to defendants' respective rights, if any, to bank deposits held by the plaintiff. The Court has allowed the bank deposits of $18,451.34 to be paid into the Registry of the Court and has temporarily enjoined both defendants from prosecuting any other actions with regard to this property.

Defendant Lloyd has filed a Motion to Dismiss, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Defendant Lloyd contends that the action should be dismissed for: (1) Lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person of defendant, (3) improper venue, and (4) insufficiency of process. Defendant further moves this Court to transfer the case to the appropriate United States District Court in Florida under the provisions of 28 U.S.C. § 1404(a).

While Defendant Lloyd has presented his contentions, which, if sustained, could result in a dismissal or transfer of venue, we find that there is no need to answer these grounds in detail as set out for the reason that this is a case relating to *in rem* jurisdiction.

This Court has jurisdiction over the subject matter of this suit, the bank account. Under the established rules of law and equity, the Court may decide an issue relating to the *res* even though jurisdiction of the litigant may not be obtained. See 28 U.S.C.A. § 1655.

In conjunction with this, it is to be observed that the requisite diversity of citizenship for purposes of jurisdiction is present. Both claimants are citizens of Sarasota, Florida, while plaintiff is a citizen of Atlanta, Georgia. To dispose of any doubt relating to the jurisdiction of the Court in reference to this interpleader action or in reference to the *in rem* proceedings, the Court points out that Defendant Sims has made a voluntary appearance. Only Lloyd objects to the venue being laid in the Northern District of Georgia.

To this end, the Court refers to Rossetti et al. v. Hill et al., 9th Cir., 1947, 162 F.2d 892 which held that an interpleader suit may be brought in a federal court where the interpleader's domicile differs from the claimants' who are domiciled in another state.

The case of Pan American Fire and Casualty Company v. Revere, D.C., La.1960, 188 F.Supp. 474, distinguishes between the statutory interpleader under 28 U.S.C.A. § 1335 and F.R.Civ.P., Rule 22(1). It notes that, "There are two procedural limitations on actions under the Rule which become important whenever the claimants are not all within the territorial jurisdiction of the district court. The first is that the only proper venue for the suit when the defendants do not all reside in the same state is the residence of the plaintiff; the second,

that process cannot run beyond the boundaries of the state in which the court sits. These restrictions are of course waivable, but if objection is raised by the affected defendant, they will usually form an absolute bar to the action." In the case at bar, Lloyd has objected and process cannot run beyond the boundaries of Georgia. Sims has waived his defense and made an appearance. The question as to Lloyd's status is answered in the *Pan American* decision wherein the Court stated that a suit under Rule 22 would have to be instituted at the plaintiff's domicile and no defendant could be validly served unless found in such state.

■ Although process may issue throughout the United States if suit is brought under the Interpleader Act in the district where one defendant resides, such action was not taken by plaintiff in this case.

■ Since the suit affects a *res*, i. e., a bank account, the Court, as noted above, has *in rem* jurisdiction and personal jurisdiction over Sims by his appearance.

■■ Although there was no valid process served upon Lloyd, the Court finds that it may decide as to the disposition of the funds held by plaintiff without personally affecting Lloyd. As a footnote, the Court observes that under Rule 22, the normal requirement of complete diversity between plaintiff on the one hand and defendants who are residents of the same state on the other hand is satisfied. In other words, all claimants may reside in the same district under Rule 22 although different from the plaintiff. But, under the Interpleader Act, the requirement is different. That requisite is that there be diversity between some of the defendant claimants, the citizenship of the plaintiff stakeholder being immaterial so far as the *in rem* jurisdiction is concerned. Finally, the bank account having been opened here, one defendant having appeared, and the records of the plaintiff

being here, we find that the doctrine of *forum non conveniens* would not be applicable.

For these reasons, the motion to dismiss by Defendant Lloyd is denied and is so ordered.