117 N.J. Super. 235 (1971)
284 A.2d 363
VINCENT T. DeSENA, GUARDIAN AD LITEM OF ANTHONY DeSENA, AN INFANT, JOANNE DeSENA, AN INFANT AND ROSEANN DeSENA, AN INFANT AND VINCENT T. DeSENA, INDIVIDUALLY AND JOHN DeSENA, PLAINTIFFS-APPELLANTS,
v.
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, METROPOLITAN LIFE INSURANCE COMPANY AND VINCENT DeSENA, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1971.
Decided November 30, 1971.
*238 Before Judges GOLDMANN, COLLESTER and MINTZ.
Mr. Robert B. Turk argued the cause for appellant (Messrs. Cohn & Turk, attorneys).
Mr. Donald C. Butch argued the cause for respondent The Prudential Insurance Company of America (Messrs. Hiering, Grasso, Gelzer & Kelaher, attorneys; Mr. Thomas F. Kelaher, on the brief).
Mr. John L. McGoldrick argued the cause for respondent Metropolitan Life Insurance Company (Messrs. McCarter & English, attorneys; Mr. Eugene M. Haring, of counsel).
The opinion of the court was delivered by MINTZ, J.A.D.
Plaintiffs moved for summary judgment. Their motion was denied. The court dismissed the complaint and entered final judgment in favor of defendants. This appeal ensued.
Plaintiff, Vincent T. DeSena, as guardian ad litem of his younger brother and two sisters (all minors) and in his own right, sues together with his adult brother John seeking a judgment requiring defendants, The Prudential Insurance Company of America (Prudential) and Metropolitan Life Insurance Company (Metropolitan), to pay into court the proceeds of certain life insurance policies which should be made available for the support of their infant brother and *239 sisters. Plaintiffs also allege that their father, defendant Vincent DeSena, and their late mother, Louise DeSena, jointly owned certain premises in Seaside Heights (presumably as tenants by the entirety). They ask for a judicial sale of the premises, and that the proceeds from the sale be made available for the support of their infant brother and sisters.
At oral argument we were advised that after the institution of these proceedings, the mortgagee instituted a foreclosure action. At the sheriff's sale conducted pursuant to the judgment in foreclosure, a surplus of approximately $4,800 was realized. The adult plaintiffs, waiving all rights they might have in the proceeds from the insurance policies and the surplus fund, request that the proceeds be used exclusively for the benefit of the infants.
This litigation has a tragic origin. Defendant Vincent DeSena, the father, on February 25, 1969 killed his wife Louise and the oldest daughter of the marriage, Julia, who was unmarried. At that time the infant Roseann was about 16, Anthony was 10 and Joanne 3.
Louise's life was insured by Metropolitan for $5,000, the designated beneficiary being her defendant husband. Julia's life was insured by Prudential and since she died through accidental means, Prudential concedes the policy is worth $12,000. Julia's father, Vincent, is the named beneficiary in said policy.
As was represented at the argument on the motion for summary judgment Vincent had a history of mental institutionalization, having been released from the mental hospital a few days prior to the killings. He disappeared after the homicides and his present whereabouts is unknown. Service was made upon him by publication and a default entered against him.
N.J.S.A. 3A:39-1 provides that when a person who has property in this state has absented himself for one year and his whereabouts is unknown, the Superior Court or the County Court of the county in which the person last *240 resided may appoint one or more trustees to manage his property under the direction and control of the court, and the trustee may dispose of the property or any part thereof as the court may deem proper. The law generally presumes a continuation of life until seven years have elapsed since the person has last been heard from. Vreeland v. Vreeland, 78 N.J. Eq. 256 (Ch. 1911); Tyll v. Keller, 94 N.J. Eq. 426 (E. & A. 1923); Keller v. Linsenmyer, 101 N.J. Eq. 664 (Ch. 1927); Moran v. Firemen's, etc., Comm., 20 N.J. Misc. 479 (Cty. Cir. Ct. 1942). However, where the absence of the missing person is for less than seven years, upon proof of circumstances raising a counter presumption, his death may be found within the seven-year period. In re Bencel, 78 N.J. Super. 545 (App. Div. 1963). Absence for less than seven years cannot in itself be relied on as a factor in proving death. In re Zwiebel, 3 N.J. Super. 35 (App. Div. 1949). The Zwiebel court also held that where proof of death within the seven-year period is insufficient, "The Legislature, having in mind cases such as this, has made provision for the management and conservation of the absentee's estate and for the needs of his dependents during the seven-year period. R.S. 3:41-1 et seq. [now N.J.S.A. 3A:39-1]." Id. at 40; emphasis supplied. The absentee defendant, if alive, owes a duty of support to his infant children. Grotsky v. Grotsky, 58 N.J. 354, 356 (1971); Greenspan v. Slate, 12 N.J. 426 (1953).
Initially, Metropolitan challenges the power of this court to render a decision binding upon the absentee defendant, be he dead or alive. Reliance is placed upon New York Life Ins. Co. v. Dunlevy, 241 U.S. 518, 36 S.Ct. 613, 60 L.Ed. 1140 (1916), where a life insurance company attempted to set up the result of an interpleader action as a defense to a later suit by one of the rival claimants who was notified but not personally served within the state where the interpleader took place. The Supreme Court held that there was no jurisdiction to bind the absent rival claimant to the result of the interpleader action and permitted his judgment against the insurer *241 in a second suit to stand. However, as observed in United States v. Estate of Swan, 441 F.2d 1082, 1086 (5 Cir.1971), Dunlevy was concerned with the interpretation of Pennsylvania law and is inapposite to a federal statutory interpleader action. It is likewise inapplicable to our interpleader proceeding. The Swan court further stated that "To the extent that it [Dunlevy] turned on constitutional considerations of due process, we are satisfied it does not control this case."
In any event, we conclude that N.J.S.A. 3A:39-1 is clearly applicable in the instant situation and would debar the absentee defendant from making any claims against the trustee appointed by the court who may have disbursed funds pursuant to the court's order to the guardian of the infants for their support and maintenance.
The insurance companies assert the possibility that defendant Vincent DeSena may have been insane when he killed his wife and daughter, in which event he would be entitled, if alive, to all the proceeds in question. Campbell v. Ray, 102 N.J. Super. 235 (Ch. Div. 1968), aff'd o.b. 107 N.J. Super. 509 (App. Div. 1969). If in fact he is alive, the proceeds would be turned over to his trustee pursuant to N.J.S.A. 3A:39-1 for the support of his infant children. If he died intestate, the proceeds would likewise inure to the benefit of his infant children, his adult children having renounced their claim to inheritance. N.J.S.A. 3A:4-4.
There is, of course, the remote possibility that defendant Vincent DeSena was insane when the homicides were committed and is now deceased, but prior thereto, and when sane, executed a valid will bequeathing and devising his estate to parties other than plaintiffs. In such event, his will would control the disposition of his estate. While this contingency is highly remote, a guardian ad litem should be appointed for the absentee defendant charged with a duty of making due inquiry of plaintiffs, other relatives of the absentee defendant and attorneys with whom he may *242 have consulted, for information as to his whereabouts and whether there is an existing will. Testimony concerning such investigation should be presented at a plenary hearing. In the event the testimony fails to establish the death of the absentee defendant within the guidelines set forth in In re Zwiebel, supra, and In re Bencel, supra, the existence or non-existence of a will becomes irrelevant and N.J.S.A. 3A:39-1 would control the disposition of his estate.
The next possibility is that the absentee defendant was sane at the time of the slayings and is still alive. There is a continuing presumption of sanity, and if the contrary exists, it must be shown by the party who alleges it. State v. Hill, 65 N.J.L. 626 (E. & A. 1901); In re Heukelekian, 24 N.J. Super. 407 (App. Div. 1953). However, it is a maxim of the common law that no man can profit by his own wrongdoing. He becomes the constructive trustee of all the funds in question for the benefit of the heirs and next of kin of his deceased wife and daughter. In re Kalfus' Estate v. Kalfus, 81 N.J. Super. 435 (Ch. Div. 1963). Under the statute of descent and distribution, N.J.S.A. 3A:4-4, the infant plaintiffs would inherit all the funds provided the wife and daughter died intestate. Such intestacies may be established at a plenary hearing in the same manner earlier outlined respecting the intestacy of the absentee defendant. Of course, if either the wife or daughter died testate, their will or wills control the disposition of their respective interests in the funds.
In order to protect the interests of the heirs, devisees and personal representatives of defendant Vincent DeSena, Louise DeSena and Julia DeSena, respectively, under a possibly existing valid will, we suggest that plaintiffs join such parties as defendants. R. 4:26-5(b)(3).
As already observed, the possibility of exposure of the insurance companies to double or multiple liability is indeed highly remote. Nevertheless, they are entitled to be protected against such exposure. Under the stated circumstances, we direct Prudential and Metropolitan to amend *243 their respective pleadings so as to obtain interpleader by way of cross-claims and counterclaims and to deposit the proceeds presently due under said policies with the court. Such proceeds, as well as the surplus funds realized upon the sheriff's sale, will constitute a specific res within the control of the court and present a classic interpleader action. R. 4:31. All the plaintiffs reside in this State, the two insurance companies are here, and all the funds will be within the jurisdiction of the court. Upon depositing the proceeds due under the respective policies of insurance, defendant corporations will be absolved from any and all liability. Cf. Union Trust, etc., Bank v. Kyle, 96 N.J. Eq. 125, 128 (Ch. 1924); Georgia Savings Bank and Trust Company v. Sims, 321 F. Supp. 307, 308 (N.D. Ga. 1971). The rationale of National Bank of New Jersey v. White, 93 N.J. Eq. 109 (Ch. 1921), is inapposite in view of the liberality of service permitted by our long-arm rules. R. 4:4-4 and 5.
Service of the counterclaim may readily be effected upon plaintiffs. If the judgment sought will affect the interests of particular persons in designated property, the action is quasi in rem. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283, 1293 n. 12 (1957). Accordingly, this is a quasi in rem proceeding and service of the cross-claims upon the absentee defendant by publication is expressly provided for under R. 4:4-5 and satisfies the requirements of "due process of law." Cf. Avdel Corporation v. Mecure, 58 N.J. 264, 268 (1971).
We note that Metropolitan in its brief asserts that should this court reverse, the proceeding should be remanded for trial on the allegation that on the date of death its policy had lapsed for non-payment of premiums as generally alleged in its answer, denying plaintiffs' claim that the policy was in full force and effect. We agree. We note, however, that on plaintiffs' motion for summary judgment, Metropolitan in opposition thereto did not advance this contention.
Unless the DeSena infants obtain the funds in question, they necessarily will be required to seek welfare relief, which *244 their adult brothers (who are in their early 20's) pridefully have been straining to avoid. In equity and good conscience we deem a remand essential to explore the possibilities previously discussed.
Reversed and remanded for further proceedings consistent with this opinion.