Bisbee Linseed Company, Plaintiff, *v.* Fireman's Fund Insurance Company, Defendant.

Supreme Court, New York County, February 26, 1927.

Corporations — foreign corporations — action by foreign corporation to recover from foreign fire insurance corporation for fire loss in adjoining State — General Corporation Law, § 47, subd. 4, applied — process — service of summons on Superintendent of Insurance, pursuant to Insurance Law, § 30, valid.

A foreign corporation, doing business in this State, may maintain an action in the courts of this State against another foreign corporation, under subdivision 4 of section 47 of the General Corporation Law.

Accordingly, this court has jurisdiction of an action brought by the plaintiff, a Delaware corporation, for a fire loss suffered in Pennsylvania, covering property located in that State, against a foreign insurance corporation doing business in this State, and the service of a summons on the insurance corporation, made upon the Superintendent of Insurance, in accordance with section 30 of the Insurance Law, is valid and will not be set aside.

Motion by the defendant, a foreign insurance corporation doing business in this State, to set aside the service of the summons upon it made in accordance with section 30 of the Insurance Law by service upon the Superintendent of Insurance.

*Richards & Affeld* [*Frank Sowers* of counsel], for the plaintiff.

*Cardozo & Nathan* [*Michael H. Cardozo, Jr.*, of counsel], for the defendants.

Levy, J.   Motions for the identical relief are also made by other defendants in two separate actions brought by the same plaintiff.   The three underwriters are respectively incorporated under the laws of California, Connecticut and New Jersey, and the contracts of insurance were entered into in Pennsylvania covering property situated in that State where the fire loss actually occurred.   The plaintiff is a Delaware corporation and the ground of the application is that the courts of this State acquired no jurisdiction by the service as made.

The basis of jurisdiction in an action against a foreign corporation by another foreign corporation is found in section 47 of the General Corporation Law (as added by Laws of 1920, chap. 916) which provides: " An action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases only:   *   *   *   4. Where a foreign corporation is doing business within this state."   This provision of the statute would seem to confer jurisdiction on the courts of this State in an action of this character.   Section 47 of the General Corporation Law was derived from section 1780 of the Code of Civil Procedure.   Under that statute it was held in *Day* v. *Sun Insurance Office* (40 App. Div. 305; affd., 167 N. Y. 543) that the courts of New York have no jurisdiction of an action brought by a resident of New Jersey against a foreign corporation on a contract entered into in New Jersey, and referring to property situated in that State. But that case was decided before the addition of subdivision 4 of that section, which undoubtedly authorizes such an action to be instituted where the defendant is doing business within this State. If the defendants in these actions had been served in the manner provided by section 229 of the Civil Practice Act, the service would unquestionably have been good.   (*Silver* v. *Western Assur. Co.*, 3 App. Div. 572.)   In that case it was held that in an action against a foreign insurance company it was not necessary to serve the summons upon the Superintendent of Insurance, the statute (Insurance Law, § 30) providing that " process *might* be served upon the superintendent of insurance, not that it *must* be."   (*Silver* v. *Western Assur. Co.*, *supra*.)

But it is urged that such mode of service as provided in section 30 of the Insurance Law (as amd. by Laws of 1910, chap. 634) inures only to the benefit of resident claimants and that the present plaintiff being a non-resident, it cannot avail itself of its advantages.   In support of this argument reference is made to the authority of *Hunter* v. *Mutual Reserve Life Ins. Co.* (184 N. Y. 136; affd., 218 U. S. 573).   An analysis of that case indicates that it has no application to the situation here.   It merely holds that

where the designation of the Superintendent of Insurance to receive process has been revoked, and the corporation has withdrawn from business here, a non-resident may not thereafter serve the corporation with process in the manner designated by section 30, nor may a resident assignee of such plaintiff in that event invoke such form of service. In the instant case, however, the designation was not revoked and is in full force. There is nothing to show that the non-resident plaintiff is unreasonably imposing its legal difficulties upon the courts of this State. Two actions based upon the same fire loss are already pending in this State, one of them against a domestic insurance corporation. To relegate the plaintiff to another jurisdiction would practically force it to litigate the subject-matter of its claims in piecemeal fashion.

The motion to set aside the service must, therefore, be denied.