FRANK CROZIER, Plaintiff, *v.* UNITED STATES STEEL CORPORATION and Others, Defendants.

Supreme Court, New York County, May 9, 1932.

*Rumsey & Morgan* [*Mark W. Maclay* and *William K. Allison* of counsel], for the defendant Maclay Hoyne.

*Ira M. Cohen*, appearing specially for First National Trust and Savings Bank of San Diego, Cal.

*Kenneth B. Halstead*, for the defendants United States Steel Corporation, Gordon L. Edwards and United States Fuel Company.

FRANKENTHALER, J.   The previous order of this court, denying Hoyne's motion to dismiss the complaint, was based upon the theory that the action relates to a *res* within this jurisdiction. The papers submitted in opposition to the present motion to compel the continuance of the action do not state any facts which would justify a different conclusion.   The deposit by the United States Steel Corporation in its general bank account of the funds which it held in trust did not necessarily prevent the tracing and identification of the trust *res*.   (*Importers & Traders' N. Bank* v. *Peters*, 123 N. Y. 272; *Abraham* v. *American Exchange Nat. Bank*, 191 App. Div. 594, 597.)

*Hanna* v. *Stedman* (230 N. Y. 326) is distinguishable in that there never was any trust *res* in that case.   That action involved merely a personal claim or liability.

As the present action involves the determination of the ownership of a *res* within this jurisdiction and as no personal claim is asserted against the administrator of the deceased plaintiff, the action may be continued against the administrator although it was appointed in a foreign jurisdiction.   (*Holmes* v. *Camp*, 219 N. Y. 359, 372; *Helme* v. *Buckelew*, 229 id. 363, 368.)   In *Matter of Rogers* (225 App. Div. 286), Mr. Justice PROSKAUER, writing for the court, said (at p. 288): " We have held that where no personal claim is asserted against a foreign executrix, she may be made a party *in invitum* to an action *in rem*.   (*Lehr* v. *Sarason*, 224 App. Div. 709.) "

The fact that the motion to continue the action is made by a defendant is not a sufficient reason for denying the motion in view of the fact that the defendant was forced against his will to come within this jurisdiction and defend the action, and in view further of his interposition of a counterclaim.   (*Livermore* v. *Bainbridge*, 49 N. Y. 125.   See *Willetts* v. *Browning*, 198 App. Div. 551.)

The *res* is here and an action for the determination of the conflicting claims to the *res* is pending here. To deny the motion for a continuance would make it necessary to duplicate the proceedings which have already been had in the present action and might well work great hardship upon the moving party. The motion is granted.