## GLASSER v. ROGERS et al.

District Court, S. D. New York.

Jan. 30, 1945.

Benjamin Leibowitz, of New York City, for plaintiff.

Aaron E. Koota, of New York City, for defendants.

GODDARD, District Judge.

Motion by the defendants for summary judgment dismissing the complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground of res judicata. The action is brought by the trustee in bankruptcy under Section 70, sub. e, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e, to set aside as fraudulent a transfer of the bankrupt's interest as remainderman in her father's estate.

In 1928 Samuel Russell, a resident of Connecticut, the father of the bankrupt, Helen Russell Rogers, died, leaving an estate consisting of two trusts—each with a life interest, the remainder to go equally to each of his four children. The trusts were Connecticut trusts—set up by a will probated in Connecticut with a Connecticut trust company as trustee, supervised by a Connecticut court.

In 1935 the bankrupt assigned her interest in the estate, the life estates at that time being in force, to her divorced husband, Charles Francis Rogers, and he reassigned that interest in May of 1944 to a third party, Harry N. Wessel.

Mrs. Rogers filed a voluntary petition in bankruptcy in this court on September 13, 1940. The plaintiff in the present suit was thereafter appointed trustee in bankruptcy of the assets of Mrs. Rogers, and according to the uncontradicted statements in the defendants' affidavits, the trustee in bankruptcy presented her claim to the Connecticut trustee, stating that the assignments were fraudulent and instituted this suit on July 11, 1944, against Mrs. Rogers, her husband, and her husband's assignee. The answers were filed on August 2, 1944. On August 18, 1944, the Connecticut testamentary trustee filed a bill of interpleader in the Connecticut courts pursuant to the Connecticut General Statutes of 1930, Section 5911, stating that the life estates in the trusts had terminated; that it held the remainder ready for distribution, and that it had in its files the assignment from the bankrupt to her husband, and the assignment from her husband to the third party; also that an action was instituted in the Southern District of New York by the trustee in bankruptcy to declare the assignments void as fraudulent conveyances, and it asks that the rights to the trust fund be determined.

The complaint in the interpleader action was served personally on the bankrupt's husband, a resident of Connecticut. Service of process on the bankrupt, her husband's assignee, the trustee in bankruptcy, were made by registered mail pursuant to Connecticut Statutes, Connecticut General Statutes of 1930, Section 5478, as they were residents of New York. Receipt of the complaint by registered mail on August 22, 1944, was admitted by the trustee in bankruptcy.

The defendants in the Connecticut suit were given until September 5, 1944, in which to appear and answer. The bankrupt, her husband, and her husband's assignee appeared and answered. The trustee in bankruptcy defaulted, making no appearance and on October 9, 1944, an order of default was entered. According to the Connecticut practice the court then entered an order staying the proceedings for three months, but on proof of actual notice of the suit to the defaulted defendants, the stay was terminated. On October 16, 1944, the clerk of the Connecticut court wrote to the defaulting trustee in bankruptcy telling her to file her claim with the court by October 20, 1944, and that a hearing would be held on that day to prove the claim, and final judgment would be rendered. But no formal appearance was made by the trustee in bankruptcy nor was any formal claim filed. Instead the trustee in bankruptcy, on October 12, 1944, served motion papers returnable in this court on October 17, 1944, in which the trustee sought to stay the Connecticut proceedings. That motion was denied by Judge Rifkind of this court on October 20th, the day on which the claims were to be filed in the Connecticut suit.

On October 20, 1944, the trustee in bankruptcy took no formal action in the Connecticut suit, but she or her attorney did appear there solely to request an adjournment of the hearing. The request was denied and she was again found to be in default in that action. The court

then adjudged—"that the plaintiff pay and turn over and deliver said property to the defendant Harry N. Wessel and that said plaintiff thereupon be discharged of all further liability to any or all the defendants thereto and that the plaintiff be allowed his costs of suit and the sum of Two hundred dollars [$200] for counsel fees and disbursements payable out of said property."

On November 10, 1944, the defendants in the present suit made a motion to amend their answers so as to set up the defense of res judicata, based on the judgment in the Connecticut action. Judge Clancy allowed the defendants to amend their answers on November 14th, but expressly declined to pass on the merits of the defense.

The difficult question in this case is whether the Connecticut courts had jurisdiction in the interpleader suit so as to bind the trustee in bankruptcy, appointed in the Southern District of New York, by its decision.

■ Since notice had been given to the Connecticut trustee by the trustee in bankruptcy that she deemed the assignments from the bankrupt to the husband, and from the husband to the third party, to be fraudulent, the Connecticut trustee had the right to go into the Connecticut courts and determine who had title to the remainder of the trust. In re Whitney, 2 Cir., 113 F.2d 426; Union Trust Co. v. Stamford Trust Co., 72 Conn. 86, 43 A. 555. The notice to the trustee in bankruptcy that the Connecticut trustee was instituting a suit in interpleader to test the claim that the assignments were fraudulent was an invitation to her to come in and participate in the suit. Massachusetts Mutual Life Insurance Co. v. Grossman, D.C. 4 F.Supp. 990.

■ Bringing an action in interpleader does not change the nature of the action. Cf. Sanders v. Armour Fertilizer Works, 292 U.S. 190, 54 S.Ct. 677, 78 L.Ed. 1206, 91 A.L.R. 950. The Connecticut action was brought to determine title to a trust res, and hence was an action quasi in rem. See In re Whitney, supra; Coyne v. Plume, 90 Conn. 293, 297, 97 A. 337; Union Trust Co. v. Stamford Trust Co., supra.

■ The plaintiff urges that jurisdiction over her could be obtained in the interpleader action only by personal service

upon her within the state of Connecticut. New York Life Insurance Co. v. Dunlevy, 241 U.S. 518, 36 S.Ct. 613, 60 L.Ed. 1140, is cited in support of this contention. It is quite true that the court there held that the defense of res judicata would not lie when the defendant in the interpleader action had not been personally served within the state. But in that case there was no specific fund or res which was the subject of the interpleader suit and the defense of res judicata was upheld because the action for interpleader was in personam. The other cases cited by plaintiff also relate to actions in personam. In the case at bar there existed a fund or res in Connecticut, consisting of the Russell trusts. No case has been cited by counsel, and I have found none, which expressly holds that in an interpleader action involving a res or specific fund substituted service may be made. However, the reasoning in several cases indicate that in such a case substituted service would be valid. Cf. Coyne v. Plume, 90 Conn. 293, 97 A. 337; Holmes v. Camp, 219 N.Y. 359, 114 N. E. 841; Hanna v. Stedman, 230 N.Y. 326, at page 333, 130 N.E. 566; First Trust Co. of St. Paul v. Matheson et al., 187 Minn. 468, 246 N.W. 1, 87 A.L.R. 478; Devlin v. Roussel, 36 App.Div. 87, 55 N.Y.S. 386; Crozier v. United States Steel Corporation, 144 Misc. 727, 259 N.Y.S. 240.

■ This is not a matter dealing with the administration of the estate in which the bankruptcy court has exclusive jurisdiction. See Isaacs v. Hobbs Tie & Timber Company, 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645. Rather, it is a matter in which the state courts have concurrent jurisdiction with the district courts, 11 U.S.C.A. 110, sub. e, and it is a matter which might properly have been relegated to the state courts, Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876; particularly as it concerned a claim against a trust fund administered by the courts of Connecticut. In re Whitney, supra. The Connecticut court expressly found that it did have jurisdiction of the action and of the bankruptcy trustee for this purpose.

■ I think that the trustee in bankruptcy is bound by the Connecticut decree and that the defense of res judicata is valid.

Motion granted. Settle order on notice.