John D. Bennett, S.
This is a contested proceeding for issuance of letters of administration upon the estate of a nondomiciliary of New York who died in the State of Maine as the result of an automobile accident which occurred while he was allegedly driving himself and two other members of the United States Air Force from a visit to a night club located near York, Maine. At the time of the accident the three men were on *921 their way back to the Air Force base where they were stationed in New Hampshire.
The petitioner here resides in Staten Island, New York, and is the duly appointed administratrix of the estate of Ralph E. Fulmer, a New York resident, one of the other men killed in the accident.
The decedent, being a nondomiciliary, the jurisdiction of this court depends upon the question whether the decedent left property in this county. The court entertained the petition herein under subdivision 1 of SCPA 208 because of the existence of a debt in favor of the decedent against the Criterion Insurance Company which the petition indicated is authorized to do business in the State of New York, having its principal office in this State at Garden City, in this county. Implicit in this court’s decision of September 30, 1970, which cited Matter of Riggle (11 N Y 2d 73) and Seider v. Roth (17 N Y 2d 111), is the conclusion that the policy of liability insurance constituted a “ debt ” within the meaning of the statute (see Practice Commentary by Prof. Siegel, McKinney’s Cons. Laws of N. Y., Book 58A, SCPA, p. 197 et seq.).
The Criterion Insurance Company has now appeared as a respondent and contests the jurisdiction of this court. The carrier does not deny the existence of its office in this county and concedes that it issued and delivered a policy to or for the benefit of this decedent, Allen. It objects to the policy being considered a debt in Nassau County because the policy here was allegedly delivered in New Hampshire, thereby distinguishing this case from Matter of Riggle (supra). This fact, however, has no significance because, for jurisdictional purposes, the place where the obligation arose, or where the policy was delivered is unimportant. The policy itself has not been produced and the carrier has not raised any question regarding the contents or any terms and conditions expressed in the policy. Neither does the carrier contradict the statement in the petition that it does have its principal office in this State at Garden City, Nassau County.
This court draws the same conclusion as did Professor Siegel in his commentary (supra, p. 199), that “neither the liability insurer * * * nor the life insurer * * * need be domestic insurers to fall under SCPA 208. It is sufficient if they are * * * regularly doing business here. Given that, the county of the insurer’s principal office in New York would be the situs of the insurance debt under SCPA 208.” Even if it were to be assumed that the carrier has a “ presence,” and that *922 the decedent is owed the debt, in other counties of New York State, the fact is that no other Surrogate’s Court has exercised jurisdiction over this estate. It appears that the express language of SCPA 205 and 207 would therefore also apply. The latter section especially is directed to jurisdiction obtained by virtue of property of a nondomiciliary decedent, and it expressly authorizes this court to retain jurisdiction of this estate after having entertained the petition.
Contrary to the carrier’s contention, the court does not consider this to be an unwarranted extension of New York jurisdiction over nondomiciliaries. The State Legislature has expressly recognized the necessity of administering the assets of nondomiciliaries and has authorized this court and its counterpart in other counties to appoint and to supervise the activities of a representative here. Accordingly, whether in an original or an ancillary administration, any assets found in this jurisdiction will be marshaled and the rights of nondomiciliary decedents must be enforced. The court holds that it has jurisdiction by virtue of SCPA 205, 206, 207 and 208. Within the meaning of those sections the estate of Ralph E. Fulmer is a creditor of the estate of Eugene John Allen, since it is claimed that the former died as the result of the negligence of the latter, and the insurance policy or obligation is a debt owed to this estate of Allen by the insurance carrier. It is a property right to be administered under the jurisdiction of this court, and the petition is granted.
The memorandum of law submitted by the carrier asserts that this court, merely by granting administration of the estate of Allen, “ will raise, not only in this action, but in a multitude of other cases such constitutional questions that would be too numerous to name.” As noted above, the carrier has not based any arguments upon the terms or conditions of its policy, such as was done, for instance, in Brun v. Brown, Inc. (56 Misc 2d 577). It merely touches upon the constitutional questions and relies, among other cases, upon Pennoyer v. Neff (95 U. S. 714). These questions were very ably dealt with by Justice Bernard S. Meyer in Lefcourt v. Sea Crest Hotel (54 Misc 2d 376). In that opinion (supra, p. 382) he significantly quoted from Pennoyer v. Neff (supra, pp. 723-724) as follows: “Every State owes protection to its own citizens; and, when nonresidents deal with them, it is a legitimate and just exercise of authority to hold and appropriate any property owned by such non-residents to satisfy the claims of its citizens. It is in virtue of the State’s jurisdiction over the property of the non-resident situated within *923 its limits that its tribunals can inquire into that non-resident’s obligations to its own citizens, and the inquiry can then be carried only to the extent necessary to control the disposition of the property. If the non-resident have no property in the State, there is nothing upon which the tribunals can adjudicate.”
Professor Siegel has remarked that every “ 8eider situation ” is unique, and his learned dissertations have been published from time to time in the New York Law Journal and other publications. (See, also, Commentaries to CPLR 5201, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, p. 24, and particularly his article “ Manipulating the Appointment of Administrators ” in the N. Y. L. J., March 6,1969, p. 1, col. 4.) He has thoroughly analyzed most, if not all, aspects of the problems involved, and observed that before long the ramifications of Seider will require a library of its own. Indeed, there are many situations where the courts have refused to accept jurisdiction over the trial of such negligence actions, as for instance, Vaage v. Lewis (29 A D 2d 315, a unanimous decision of the Appellate Division of this Department in 1968), and Farrell v. Piedmont Aviation (295 F. Supp. 228, decided in the U. S. Dist. Ct., S. D. N. Y., 1968). In the Vaage case, jurisdiction was rejected where the relief sought was for the benefit only of nonresidents, and in the Farrell case jurisdiction was also rejected where the relief was for the benefit of 13 deceased nonresidents of New York, even though their estate representatives were residents of New York. The opinion in the latter case (supra, p. 231) stated: “It is concluded, however, that — whether logical or not — the Court of Appeals of New York would not uphold a Seider v. Roth type of attachment where the action is for the benefit of a nonresident of New York. This same conclusion has been reached in a unanimous decision of the Appellate Division, Second Department. Vaage v. Lewis, 29 A D 2d 315, 288 N. Y. S. 2d 521 (March 4, 1968).”
The relief sought here is for the benefit of a New York resident. The father and mother of this decedent were duly cited, filed no objections to the relief now being sought and presumably concur in that request. It may also be that unless relief is granted here, the petitioner and her decedent may not be able to secure adequate relief. However, in assuming jurisdiction over this estate, this court is not now adjudicating any question of forum non conveniens, of negligence, or of liability under the insurance policy in question. The rights of the insurance carrier and its defenses are thus not affected in any manner by this decision.
*924 Unless a person having a prior right appears and qualifies on or before the settlement of the order hereon, letters of administration will be issued to the Public Administrator.