John D. Bennett, S.
This is a motion based on an affidavit submitted by the attorneys who are appearing for the Public Administrator solely for the within proceedings for an order vacating ancillary letters of administration heretofore issued to the Public Administrator of Nassau County on an estate against which an action is pending in the Supreme Court, Kings County, for wrongful death and personal injuries.
The plaintiff s’ testatrix was involved in an accident on October 4, 1970 from which she sustained injuries and died. The plaintiffs contend that there exists a cause of action against the estate of John J. Molzen whose will was probated in New Jersey and ancillary letters of administration were issued to the Public Administrator of Nassau County by this court.
In the petition for ancillary letters of administration on the estate of John J. Molzen, his executrix, appointed by the Bergen County Surrogate’s Court of New Jersey, was served with citation. She neither appeared nor interposed any objections to the relief sought by the petitioner. The petitioner contended that since the decedent was a nondomiciliary, jurisdiction could be obtained in the State of New York by having ancillary letters of administration issued since Mr. Molzen was insured by a carrier who does business within the State of New York at Great Neck. The insurance carrier was not a necessary party to be cited when the petition for letters of ancillary administration was requested although it is better practice if insurance carriers are made parties in such proceedings so as to avoid any later litigation involving the issuance of such letters.
The movant conceded that the insurance carrier, although a foreign insurance company, does do business within the State of New York but contends that its principal place of business is just over the Nassau County border in Melville, County of Suff olk, and not Great Neck, County of Nassau, and accordingly argues that the Surrogate’s Court of Nassau County did not have jurisdiction to issue the ancillary letters of administration. When there are serious questions of fact raised by the affidavits submitted by the movant and the affirmations filed in opposition, ordinarily a hearing would be required, but in the within proceeding there is no question that the insurance carrier does do business both in the County of Nassau and the County of Suffolk.
If this court has jurisdiction concurrent with any other county, since the proceedings were commenced in this county first, and no proceedings were commenced in any other county in this State, this court would retain jurisdiction (SOPA 205, 207).
It is conceded that the principal office of the insurance carrier is out of State. Since the insurance carrier does business and *48 maintains an office in both Nassau and Suffolk Counties, the court must seriously scrutinize the within motion, especially since if the court vacates letters previously issued, the estate of a New York domiciliary may be precluded from commencing a wrongful death action against the estate of a nondomiciliary because the Statute of Limitations may have expired.
The insurance carrier has “ presence ” in Nassau County and regardless of the fact that it may have presence in another county, this court obtained jurisdiction and the court will retain jurisdiction reading SCPA 205 to 208 collectively (Matter of Allen, 64 Misc 2d 920; Ehrenzweig and Louisell, Jurisdiction in á Nutshell, § 6, p. 51).
The movant’s contention that the petitioner should have first “ attached ” the insurance policy is in error. No such proceeding is necessary for the appointment of an ancillary administrator in the Surrogate’s Court (Matter of Riggle, 11 N Y 2d 73; see McKinney’s Cons. Laws of N. Y., Book 58A, SCPA 205-208 Practice Commentary, Professor Siegel).
Accordingly, the motion is denied.