## Long v. Mayo

*Anthony M. Muir*, and *Scoblionko, Scoblionko & Muir*, for plaintiffs.

*Michael P. McIntyre*, for defendant.

*Robert A. Weinert*, for Patricia Ann Mayo, interpleaded claimant.

*Thomas A. Wallitsch*, guardian ad litem for Thomas Mayo, interpleaded claimant.

WIEAND, *J.*, February 6, 1978—This action in assumpsit was commenced by guardians of the persons of Patricia Ann Mayo and Thomas Mayo, minors, to recover from a testamentary trustee the cost of supporting and maintaining said minors. William R. Mayo, the trustee, filed a petition reciting, inter alia, that Patricia Ann Mayo had achieved majority and was also making a claim against the fund held by the trustee. The nature of the claim was not recited. Nevertheless, on April 27, 1976, an order was entered which permitted the requested interpleader, joined Patricia Ann Mayo as an interpleaded claimant, and purported to enjoin her from prosecuting any other action against defendant trustee.* The sheriff, being unable to find Patricia Ann Mayo in Lehigh County, forwarded a copy of the petition and order, together with a copy of prior pleadings, to her in Miami, Florida, by registered mail, return receipt requested. The return receipt was signed on May 10, 1976. Patricia Ann Mayo, however, did not respond.

On August 24, 1977, plaintiffs obtained a rule to

---

*The court order also allowed Thomas Mayo, a minor, to be interpleaded and appointed Thomas A. Wallitsch, as his guardian ad litem. A motion to strike that interpleader has been filed but has not been resolved.

show cause why the interpleader should not be stricken because of a failure to effect service on Patricia Ann Mayo. The parties subsequently stipulated in writing that defendant trustee should have a period of 30 days from October 26, 1977, in which to effect service upon this interpleaded party. Again the sheriff forwarded a copy of the petition and order of interpleader to Patricia Ann Mayo in Miami, Florida, by registered mail. This time a copy was also sent to the Secretary of the Commonwealth.

On November 18, 1977, Patricia Ann Mayo filed preliminary objections raising questions of this court's jurisdiction over her person. At issue, of course, is the effectiveness of the attempted service.

Pa.R.C.P. 2308(d) provides for deputized service in any other county where an interpleaded claimant can be served. It makes no provision, however, for service upon a claimant outside the state. This absence has caused the author of 8 Goodrich-Amram 2d, in §2308(d):2, to comment as follows: "No provision is made by Rule 2308 for service upon a claimant outside the state. If the claimant cannot be served within the state, the interpleader is a nullity as to him. Service outside the state in any manner or service by publication is unauthorized and is therefore void and of no effect."

A similar comment appears in 15 Standard Pa. Pract. §36 as follows: "If the claimant is a nonresident, and cannot be served within the state, the interpleader proceeding can have no effect upon his claim; it is beyond the constitutional power of the state to attempt to affect his claim in local interpleader proceedings, regardless of whether the stakeholder has made any payment into court." See

also: New York Life Ins. Co. v. Dunlevy, 241 U.S. 518, 36 S.Ct. 613, 60 L.Ed. 1140 (1916).

Plaintiffs and defendant argue that Pa.R.C.P. 2308(a) permits service "in the same manner as provided for the service of original process. . ." and that Pa.R.C.P. 2079(a) permits service of original process on nonresident parties by sending copies by registered mail to the Secretary of the Commonwealth and to the party at his last known address. This argument is specious. It overlooks that Pa.R.C.P. 2077(a) provides for the application of Pa.R.C.P. 2079 only to actions "as to which the laws of this Commonwealth authorize service upon a non-resident." The laws of the Commonwealth of Pennsylvania do not authorize service upon non-residents who are attempted to be interpleaded in pending actions of assumpsit.

Because there is no provision in the law of this Commonwealth for service upon an interpleaded, nonresident claimant, the service attempted in this case was ineffective to give the court jurisdiction over the person of Patricia Ann Mayo. Her preliminary objections, therefore, will be sustained.


ORDER

Now, February 6, 1978, the preliminary objections of Patricia Ann Mayo, interpleaded claimant, which raise questions of jurisdiction, are sustained, and the service attempted to be made upon her in Florida is determined to be null and void.

Because of defendant's failure to effect service upon said interpleaded claimant within the time allowed, it is ordered that the above captioned action go forward as though the interpleader of Patricia Ann Mayo had not been granted.